UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REUBEN LEWIS,

                          Plaintiff,

                                                             9:13-CV-1172
v.                                                             (LEK/TWD)

C.O. STANTON,

                          Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

REUBEN LEWIS
Plaintiff pro se
05-A-5584
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN            CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

This pro se prisoner civil rights action has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Reuben Lewis alleges that Defendant Corrections Officer Stanton violated the Eighth Amendment to the U.S. Constitution and New York State common law by using excessive force on Plaintiff. (Dkt. No. 1 ¶¶ 8-24, 39-40.) Currently pending before the Court is Defendant's motion to dismiss Plaintiff's state law

claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13.) For the reasons that follow, I recommend that Defendant's partial motion to dismiss be granted.

I.     BACKGROUND

The following facts are derived from the face of the operative complaint and are accepted as true for the purposes of deciding the pending motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On March 22, 2012, Plaintiff Reuben Lewis was housed at the Auburn Correctional Facility. (Dkt. No. 1 ¶ 8.) At approximately 12:00 p.m., Lewis was returning from the mess-hall when C.O. Stanton began yelling at him. *Id.* Stanton ordered Lewis to come to him, and Lewis complied. *Id.* ¶ 10. Lewis was "grabbed and slammed into the cement wall several times." *Id.* ¶ 11. Stanton ordered Lewis to keep his hands on the wall. *Id.* ¶ 12. While Lewis had his hands on the wall, Stanton continued to yell at and push him. *Id.*

An unnamed corrections officer grabbed Lewis by the arm. *Id.* ¶ 13. Stanton searched Lewis and threw away his I.D. *Id.* Lewis was ordered to walk with his hands in his pockets, which he did. *Id.* ¶ 14. Stanton threatened Lewis and shoved him from behind. *Id.* Stanton then grabbed Lewis and rammed his body into the steel cage surrounding the officers' desk. *Id.*

Stanton held Lewis against the steel cage. *Id.* ¶ 15. Stanton grabbed Lewis' arms, twisted them behind his back, and handcuffed him excessively tight such that he could not move his fingers. *Id.* Stanton then placed Lewis in a choke hold by grabbing him around the neck from behind. *Id.* ¶ 16. Stanton pushed him into an isolated catwalk area while another corrections officer held the door. *Id.* Stanton continued to choke Lewis. *Id.* ¶ 17. Stanton then threw Lewis into a wall, turned him around, and applied a choke hold with both hands. *Id.* At this point,

Lewis could not speak or breathe and he felt like he was going to pass out. *Id.*

Stanton released his right hand from the choke hold and pulled his fist back as if about to punch Lewis, but the door opened. *Id.* ¶ 19. Stanton released the grip on Lewis' neck and Lewis slumped against the wall and gasped for air. *Id.* The next thing Lewis remembered was a sergeant saying something to him while he was being escorted to his housing tier and then having the handcuffs removed. *Id.* ¶ 20. Numerous inmates who were locked in their cells as well as inmates returning from the mess-hall witnessed the attack. *Id.* 24. Lewis was not issued a misbehavior report in relation to this incident. *Id.* ¶ 31. He never had any contact with Stanton before this incident. *Id.* ¶ 32.

Lewis was informed that he was not locked up and could go to his program call-out. *Id.* ¶ 21. Lewis felt it would be safer to go to his program call-out in order to get out of the cell-block and away from the corrections officers. *Id.* ¶ 22. He intended to stay at his program call-out until after the officers' shift changed to avoid any possible confrontation with officers who were aware of or had witnessed the incident. *Id.* ¶ 23.

On the evening of the incident, Lewis suffered numbness in his fingers and hands, felt pain in his throat, neck, and wrists, and he had bruises and a contusion in those areas. *Id.* ¶ 25. Lewis requested to go to sick-call the next day. *Id.* ¶ 26. On the night of the incident, and during the two subsequent nights, Lewis was not able to sleep due to physical pain and mental anxiety from the attack. *Id.* ¶ 27.

Lewis went to sick-call on the morning of March 23, 2012. *Id.* ¶ 28. At that time, the injuries on his neck and wrists were still visible. *Id.* He informed the nurse of the pain and stiffness he was experiencing. *Id.* The nurse claimed he did not have ibuprofen and instead

prescribed "medicine-D," which he said would help with the pain and allergy symptoms Lewis was experiencing. *Id.* ¶ 29. After seeing the nurse, Lewis obtained Motrin from another inmate, which he took every four hours for three days until the pain and stiffness were tolerable. *Id.* ¶ 30.

Lewis claims to have exhausted his administrative remedies. *Id.* ¶ 36. The Inspector General's Office was notified of the incident and Lewis was interviewed by a lieutenant at the Auburn Correctional Facility. *Id.* ¶¶ 37, 38.

Plaintiff filed his complaint on September 20, 2013. (Dkt. No. 1.) In his complaint, Plaintiff asserts the following causes of action: (1) that Defendant's use of excessive force constituted cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution; and (2) that Defendant's use of excessive force constituted the torts of assault and battery under New York State common law. *Id.* ¶¶ 39- 40. Plaintiff requests two forms of relief: (1) a declaratory judgment stating that Defendant's use of excessive force violated the Eighth Amendment to the U.S. Constitution and constituted assault and battery under New York State law; and (2) punitive and compensatory damages. *Id.* ¶¶ 40.A-40.B. Defendant now moves to dismiss the state law causes of action. (Dkt. No. 13.) Plaintiff has opposed the motion. (Dkt. No. 15.) For the reasons stated herein, it is recommended that Defendant's motion be granted in part and denied in part.

## II.     LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*,

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

Defendant argues that Plaintiff's New York State common law claims of assault and battery should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13-1 at 2-3.) Defendant makes two arguments in support of his motion to dismiss. First, Defendant

5

argues that the state tort claims against him in his official capacity are barred by the Eleventh Amendment to the U.S. Constitution. *Id.* at 2. Second, Defendant argues that the state tort claims against him in his personal capacity are barred by New York Correction Law Section 24. *Id.* at 3.

### A. State Claims Against Defendant in His Official Capacity

Plaintiff does not specify whether he is suing Defendant in his official or individual capacity. To the extent that Plaintiff has sued Defendant in his official capacity, Defendant moves to dismiss these claims, arguing that they are barred by the Eleventh Amendment to the U.S. Constitution. (Dkt. No. 13-1 at 2-3.) Defendant is correct.

The Eleventh Amendment bars suits for damages against state officials acting in their official capacities. *See Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit . . . for money damages against state officials in their official capacities."). Moreover, the Eleventh Amendment bars official capacity suits for declaratory relief where the declaratory relief requested would serve only to declare a past action a violation of the law. *Green v. Mansour*, 474 U.S. 64, 74 (1985). All DOCCS[1] employees are state officials for the purposes of the Eleventh Amendment. *See, e.g.*, *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002); *Tolliver v. NY State Corr. Officers*, No. 99 CIV 9555, 2000 U.S. Dist. LEXIS 11531, at *7, 2000 WL 1154311, at *2 (S.D.N.Y. Aug. 14, 2000) ("All of the defendants in this case are state officials because they are employees of the New York State

---

[1] On April 1, 2011, the New York State Department of Correctional Services and Division of Parole merged into one comprehensive agency entitled the New York State Department of Corrections and Community Supervision, referred to as "DOCCS."

Department of Correctional Services.").[2]

Here, Defendant is a DOCCS employee. (Dkt. No. 9 ¶¶ 6-d, 24.) Thus, the Eleventh Amendment bars Plaintiff's claims for damages against Defendant in his official capacity. Plaintiff's request for declaratory relief asks the Court to declare that a past action – Defendant's alleged use of excessive force – violated the law. Accordingly, it is also barred by the Eleventh Amendment. Therefore, I recommend that the Court dismiss Plaintiff's official capacity claims (to the extent that the complaint asserts such claims).[3]

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Here, the defect in Plaintiff's claims against Defendant in his official capacity is substantive and better pleading will not cure it. Therefore, it is recommended that Plaintiff's claims against Defendant in his official capacity be dismissed without leave to amend.

---

[2] The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[3] Defendant does not argue that the Eleventh Amendment bars Plaintiff's federal excessive force claim against Defendant in his official capacity. However, the above analysis applies with equal force to Plaintiff's state and federal claims. Therefore, it is recommended that the Court sua sponte dismiss Plaintiff's federal claims against Defendant in his official capacity.

## B. State Claims Against Defendant in His Personal Capacity

Defendant argues that Plaintiff's state law claims against him in his personal capacity are barred by New York Correction Law Section 24. (Dkt. No. 13-1 at 2-3.) Defendant is correct.

New York Correction Law Section 24 provides in pertinent part:

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department . . . in his or her personal capacity, *for damages* arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

N.Y. Correct. Law § 24(1) (McKinney 2011) (emphasis added). New York Correction Law Section 24 "precludes the assertion of [state law claims] claims against corrections officers [in their personal capacities] in any court, including the federal courts." *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996).[4]

Plaintiff's claims at issue are claims of assault and battery under New York State common law. (Dkt. No. 1 ¶ 40.) Therefore, Plaintiff is precluded from seeking damages for those causes of action in federal court. However, the plain language of the statute bars only claims for damages. Plaintiff also seeks declaratory relief. (Dkt. No. 1 ¶ 40.) Defendant has not cited any authority supporting the dismissal of Plaintiff's personal-capacity state law claims for declaratory relief. However, Plaintiff states that he "does not contest defendant's motion to dismiss state tort law claims of assault and battery in accordance with Corrections Law section 24." (Dkt. No. 15 at 1.) Therefore, I recommend that the Court grant Defendant's motion to

---

[4] *Haywood v. Drown*, 556 U.S. 729 (2009), is not implicated here because Defendant moves to dismiss only Plaintiff's common law state claims, not Plaintiff's federal § 1983 cause of action.

dismiss Plaintiff's state law claims against Defendant in his personal capacity without leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's partial motion to dismiss for failure to state a claim (Dkt. No. 13) be **GRANTED**. Specifically, the Court recommends that Defendant's motion to dismiss be granted, without leave to amend, as to:

1. Plaintiff's claims against Defendant in his official capacity; and
2. Plaintiff's state law claims against Defendant in his personal capacity; and it is further

**RECOMMENDED** that Defendant be ordered to respond to Plaintiff's § 1983 claim against him in his personal capacity in the manner provided by the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court provide Plaintiff with a copy of *Tolliver v. NY State Corr. Officers*, No. 99 CIV 9555, 2000 U.S. Dist. LEXIS 11531, 2000 WL 1154311 (S.D.N.Y. Aug. 14, 2000).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: April 29, 2014
      Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge